Good afternoon, your honors. Please the court. My name is Thomas Qualls. I represent Brendan Nasby, the appellant herein. Before I forget, I would like to reserve two minutes for rebuttal time. Here is the brief, relevant history of Brendan Nasby that brings us to this court today. In August of 1998, he was arrested for the murder of Michael Beasley. He went to trial in October of 1999, had a seven-day jury trial. Along the way, though, his appointed counsel took a job with the Public Defender's Office, who also represented one of his co-defendants at the time. His appointed counsel did not disclose this to the court in any kind of timely manner. I believe it was at the time of sentencing. That is relevant, and I will get into that later on, regarding the conflict of interest and whether it affected the trial. During the trial, the prosecutors strong-armed his co-defendants into testifying against him, even though two of them had made statements to the police that a third party had been the shooter. After they were given deals, they testified that Nasby then was the shooter. One of his co-defendants, who was likely the mastermind of this, he drove the car. He picked up the other co-defendants. He coerced, he lured the deceased into the car under the guise that he was, they were all going to go out and smoke some marijuana in the desert and shoot a new gun that he had. According to the testimony of some of the witnesses, Nasby was the last to be picked up there. Counsel, before you kind of recount the whole case here, my understanding is that one of the deficiencies of the district court, according to you, is that in assessing whether counsel was constitutionally sufficient, the trial court didn't have the record of what happened in the trial below, correct? That's correct. So let's just start there. Okay. So go ahead. If I may proceed. So there's a case, I think it's called Jones? Correct. That you cite in your brief, and I don't think the State ever cited it in their brief. So it's kind of telegraphing the State. We're going to be asking you about that. But in this situation here, do we need to get past, I understand the point you want to make, but if you're right, if you're right that you can't consider whether a lawyer was ineffective if you don't look at the record, to make the call, do we need to do anything more in this case, or do we just send it back and have a full-blown review of what maybe should have happened in the first place? My brief answer to that is yes. That's what needs to be happened. I wanted to give the Court the full story, and so they'd understand that this isn't just a procedural thing. There are real factual issues that are involved here at virtually every stage along the way. But that's what you're looking at. At the end of the day, that's what you're looking for in this case. It's basically this will be sent back so a full investigation by the district court can occur. That's my point exactly. That's your win. For you, that's a win today. That's a win today. Jones says you've either got to have your own hearing or you've got to review the State court proceedings. And the record shows that neither the trial proceedings nor the State habeas proceedings were reviewed by the Federal district court. Now, Jones was decided shortly after the passage of AEDPA. That's correct. I believe AEDPA went into effect, I'm going to not get the month, but it was 1996. Right. And Jones was decided at least mid, I have the date, 97, but it's later in 97. But it was still a pre-AEDPA case because the AEDPA petition or the petition had been around before the enactment of AEDPA. Is there anything in an AEDPA now that would affect this case, that would change Jones in some way? I don't believe so. Now, the State's going to get up and tell you that AEDPA changed everything and that we don't need to do this because the Federal district court has all of this deference. But my, I mean, AEDPA didn't change common sense, right? How can you make a determination as to the reasonableness of the State court's factual findings if you don't review the factual findings? You still have to review the factual findings. And look, from the looks of things, all they did was look at the Nevada Supreme Court opinions and just uphold them. I don't think that that's sufficient under AEDPA or, you know, certainly not pre-AEDPA. And we know that the State – I'm sorry. We know that the Federal district court did not look at the underlying record because – remind me how we know that definitively. It's not – neither the trial court transcript nor the habeas proceedings are in the docket in the Federal district court. And I don't think the State disputes that. So, going back, the conflict with regards to the appointed counsel who took the job of the public defender's office, there's several things that are clear. This is another issue that's worth considering, and that's the procedural default issue which affects two of the questions, I think. And the procedural default depends on the ineffectiveness of counsel. The claim of ineffectiveness of counsel was resolved in this case on the merits. Yes, the Federal district court actually looked at the merits of the ineffectiveness. And it did it under an AEDPA differential standard, which is whether it's constitutional or not, it's not unreasonable. And the question here is whether, for purposes of determining whether that's a procedural bar, whether you use the same standard, because the procedural bar doesn't – does not depend on a determination on the merits of the claim. Procedural bar is – and I haven't found a case in which you've had determination of both things in the same appeal. But there are cases that suggest or that state that for a procedural default, that's not a decision on the merits. Are you – do you know of – and this goes to claims one and two. A waiver, for example, is not determined under – by giving deference when you reach a decision. The ruling on a right to prevent – present a claim, like a rule, is not a ruling on the merits. It's a ruling on a procedural right. I think Fahy v. Horn in the Third Circuit is a case on that. Do you – Justice Jones is on your case on – your case, as Judge Owens explained it, for a fair number of claims, three to seven, I think, where there's no transcript of either the trial, I guess, or of the hearing on ineffectiveness of counsel. But for claims one and two, the government's position is that they are – they've been – they're precluded on the merits because there's a ruling of ineffectiveness – that there's no ineffectiveness of counsel. You're saying that with regards to claims one and two, that there is no IAC issues, and so we can't blame ineffectiveness on the procedural default, in other words? What do you say about the procedural default on claims one and two? Well, I would still – I would still say that if the district court, the Federal District Court, is looking at the State court's affirmance, order of affirmance that says we find that this is procedurally defaulted, and that's all that they're looking at. They're not looking at the – they're not looking at the evidentiary hearing. They're not – they're not taking it any deeper than that. I don't even know that you can make an adequate review of procedural default if all you look at is the Nevada Supreme Court's opinion on that. You know, you're right that in other matters it loops. If you've got ineffective assistance of counsel, then that's what you blame if there's a finding of procedural default. There is – there is the issue in the – with regards to the conflict that the wrong standard was employed as well, that all they did was look at Strickland instead of looking at Coyler v. Sullivan. So that's – that's my answer as to that. I still believe you've got to look at the whole record in order to make those determinations. Additionally, you've got the Nevada Supreme Court originally making an erroneous ruling regarding the Byford case, the Caslen instruction, which was given in this case. Nasby's conviction from the jury came down before Byford was decided, but then Byford was decided before it was briefed on appeal, and his counsel actually included a Byford claim on direct appeal. The Nevada Supreme Court denied that erroneously, saying, well, your conviction was final before Byford. We know now from NECA, in 2008, the Nevada Supreme Court said, no, you're not – a Byford claim was viable as long as you had it on direct appeal. In other words, unless the – unless you had gone past the direct appeal and the remitter had issued before Byford, you could still bring it. This court has echoed that in the Riley case. Let me get the site on that. Court's indulgence. My apologies. You wanted to save some time for rebuttal. Do you want to just look it up when he's talking and discuss it then? Pardon me? You're getting close to your rebuttal time. Do you want to spend your time looking for the papers? I've got it here. It's Riley v. McDaniels. It's a 2015 case out of this circuit. I will – State habeas judge had an apparent conflict. She'd been accused of being financially connected, showing favors because of financial issues, to NASB's post-conviction habeas counsel. And so there was – she didn't recuse herself from that case. She should have. She may have had a reason to deny it on that. Then NASB gets up to the Federal District Court. They kick the Byford claim. Let me just finish that. The Byford claim on the same erroneous issue that it – that his conviction predated Byford, which, again, is not the standard because he was still on direct appeal. And there was even a finding from the Federal District Court that his appointed counsel was ineffective and that the library access in Ely was inadequate, and so that there was a ruling that he did not have meaningful access to the courts during his original Federal habeas proceedings. And I'll save the rest of mine for rebuttal. Thank you. Thank you. May it please the Court. My name is Vic Schulze. I'm senior deputy attorney general for the state of Nevada, representing the warden and the attorney general in this case. Because this is a state habeas case under 28 U.S.C. 2254, this is a case that's going to be governed by the statutory standards in fact development in the way the district court handles cases on the merits, and it's also a case that's going to be governed by the U.S. Supreme Court's procedural default law under Coleman and this Court's subsequent decision in the Bennett case. One difficulty you're going to face in reviewing the opening brief and perhaps the tape of argument today is that much of what my opposing counsel argued does not relate to a certified issue and was not litigated in the court below. What happened in this case relevant to fact presentation in Federal habeas was that Nasby presented a habeas, a pro se habeas petition handwritten. He was assigned counsel. Counsel was given a date to file an amended petition. She failed to do so. I filed a motion to dismiss for lack of prosecution. That was denied because there was a change in counsel around that time that attorney in Reno filed a notice that she wasn't going to file an amended petition. I then moved to dismiss that petition and in my first motion, and what I argued was that claims 1, 2 and 4 were procedurally defaulted because the Nevada Supreme Court had held in the post-conviction appeal, the first post-conviction appeal, that those claims were raised in the post-conviction appeal rather than direct appeal. They were direct appeal type claims and under NRS 34810, they were defaulted because they weren't raised in the first proceeding where they could be raised. I also argued that claims 5, 6 and 7 were unexhausted. Now, Judge Reed, the key issue in this case dealing with the default of claims, they did not file an opposition to my motion. They didn't oppose it. They, therefore, didn't present any argument on cause and prejudice. Judge Reed, granted Judge Reed up in Reno, granted my motion after doing an independent review of the record. There was then a motion. I'm sorry? Independent review of what record? Independent review of the exhibits that I included, the procedural record that I included as far as the state petition, findings of fact, conclusions of law, and the Nevada Supreme Court's rulings on the default of claims 1, 2A and 4 and the lack of exhaustion on claims 5, 6 and 7. He agreed with that much. Now, at that point in time, NASB then filed a motion for reconsideration in proper person and I will concede he did a pretty good job. He must have had pretty good access to the prison law library because he argued exhaustion at length and core to that motion for reconsider was Judge Reed's denial of his request for a stay to go back to state court. When habeas counsel up in Reno filed her motion to stay under Reins, it was pretty bare bones and there wasn't a showing of good cause. Judge Reed denied that motion because there was nothing in it. There was no insufficient argument in the motion. NASB did a pretty good motion for reconsideration. He argued two things. He argued that stay issue at great length and he argued the exhaustion issue. Judge Reed overturned himself on the stay and ultimately granted his stay and NASB went back to state court to exhaust claims 5, 6 and 7. As to the issue of whether or not claim 2 had been presented, Judge Reed agreed that 2B had been presented but it was defaulted for the same reason that claim 2A was, but he did grant the stay. He denied the motion for reconsideration on the remaining issues at 5, 6 and 7 run exhausted. I'm not trying to bore you with these tedious procedural facts and I know it's habeas and it's hard to keep people's interest with this stuff, but my point is when they went back to state court, claims 1, 2 and 4 had been ruled defaulted. There had been no showing on cause and prejudice. 5, 6 and 7 had been ruled to be unexhausted. 3 was right for the merits. They went back to state court. The Nevada Supreme Court ultimately held that 5, 6 and 7 were procedurally defaulted not just under NRS 34810 but also under NRS 34800, which is our Latches statute and NRS 34726, which is our Timeliness statute because this was 10 years late. We go back to federal court. I filed an answer and I included some procedural arguments. I answered on the merits claim 3, 1, I think it was A through G, and then I argued that 5, 6 and 7 were defaulted under the Nevada Supreme Court's ruling. This court has held that in non-capital cases, this court has repeatedly held in non-capital cases, NRS 34810 and NRS 726, our Raise It the First Time You Can Raise It statute, for lack of a better description, and our Timeliness statute for habeas are adequate, independent, and consistently applied. And I cite you to this court's Vain v. Nevada decision that we both briefed. Judge, at this point it was Judge Hicks now, Judge Hicks reviewed what the Nevada Supreme Court did and Judge Hicks' merits decision is at the order of EOR 173, and Judge Hicks then went through what the Nevada Supreme Court held dealing with the claims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel, and pursuant to the command of NRS, I'm in the wrong area of law, 28 U.S.C. 2254D, federal law, he applied the deferential standard that we've all been working with for 20 years, and he denied the claims based on the decision of the Nevada Supreme Court. I would point something else out, and this is one of my favorite arguments I get to make when I come to San Francisco. On federal habeas by a state inmate, there isn't just a deferential standard for a claim of ineffective assistance, there is a double deferential standard under Strickland and Cullen, and the decision of the Nevada Supreme Court is virtually impossible under the double deferential standard for Judge Hicks to overcome. One of the COA issues that I have a problem with, because I confess I don't understand it, is the issue where the question is raised, why didn't the federal judge below deal with two of those issues on the merits, the ineffective assistance claims? In fact, he did. If you will look at the order I just cited, what the Nevada Supreme Court said in the first habeas appeal was that a number of the claims of ineffective assistance were really poorly briefed in the habeas appeal, post-conviction appeal. There was no cogent argument made, no citation to facts, little citation to law, and they denied relief. But that is a ruling on the merits under 2254 that is susceptible, that is deserving of the double deferential standard, because those were the claims that were set forth, that were given to the Nevada Supreme Court. So what we have in this case is we've got claims one, two, and four, for which no cause in prejudice has ever been presented to the federal district court. Not in the — they didn't respond to my motion, and when the motion for reconsideration was filed, they did not argue procedural default and no suggestion of cause in prejudice was made. That's why one, two, and four were kicked out, because they were defaulted and there was no showing of cause in prejudice. Five, six, and seven were kicked out in the second habeas appeal, because that petition was filed 10 years late. And under NRS 34726, which is our timeliness statute, he was 10 years late and he never showed cause in prejudice for that claim. Now, the state, the Nevada Supreme Court, did deal with the seven subclaims of ineffective assistance of counsel under the — and Judge Hicks then reviewed what the Nevada Supreme Court did claim by claim, and Judge Hicks denied the — denied relief based on the deferential standard of 2254D. There's — I have to admit, there's nothing surprising, there's nothing really sexy in anything that happened here. It was a standard application of law. If I could step back and discuss the one issue that I know you have an issue with, and that's the issue of whether or not the district court below, the federal district court, was required to have the transcript so that he could go behind what the Nevada Supreme Court said in its rulings. Under 2254E1 and E2, he can't do that, because the question of whether or not the Nevada Supreme Court's factual findings were reasonable, or whether or not they were reflected in the record, or whether they were right or wrong isn't before the court, because 2254E creates a presumption. And yes, the earlier pre-edpa case law was drastically changed by the statute. One way it was changed was in the presumption of the correctness of state court fact findings. Under 2254E, those claims can only — those facts can only be challenged based on a showing of clear and convincing evidence. Not only was the showing never made, but there was never an argument that the fact finding by the Nevada Supreme Court in the district court, there was no argument made that the Nevada Supreme Court's fact finding was incorrect. Therefore, the presumption governs under 2254E, and the Nevada Supreme Court's findings of fact are the facts that govern. At the same time, I have to say I'm a little perplexed by the argument, and I would have expected this 25 years ago, but not today. Do you have any cases that say Jones has been overruled? Jones was — I can't cite to a case specifically mentioning Jones, but I would certainly cite to Harrington and Cullen, where the U.S. Supreme Court said that district court — Federal district courts don't do fact finding. They're — they are, for lack of a better term, they're stuck with the fact finding of the state courts. But don't they have to — And the state court did fact finding here. But don't they — they can't even look at the — so it's error. Would it be error, then, for a district court under 2254E, reversible error, to order the transcripts? I don't think it would be reversible error. It would be a — it would be an empty act because the presumption would govern. What if they granted review? What if — If they granted review, they say — they said we've reviewed the trial transcripts from the state court. Right. And we don't see it the way the state court did, even under the very high standards under AEDPA. We think there was error. I don't know how to answer the question because it didn't happen here because the argument — the argument was never made. But I'm trying to understand what the impact of 2254E is on Jones. You're saying, effectively, under AEDPA, Jones is no longer good law. That's correct. Absolutely, that's what I'm saying.  Yes. And I'm asking — you point to Pinholster, Cullen v. Pinholster, correct? Absolutely. So I'm trying to play this through. You're saying that if a district court, like this district court here, had in fact received a request or at least said, you know, I want to be sure about this. This is a lengthy sentence. I just want to be — I want to be comfortable. I'm going to order the transcripts. Sui sponte? Yeah, just for whatever reason. That would violate the standard of 2254E. So you could take conceivably mandamus review and we would — according to you, we would have to reverse that. Yes. Absolutely. Do you have any authority — There is a — The only authority I have for that argument is the words of the statute itself and Cullen, the Supreme Court's decision in Cullen, where they said that federal district courts don't do fact-finding and they must rely on the fact-finding by the state court. So, yes, Cullen abrogates — But, counsel, these are different things. It's one thing to have hearings in district court to come up with new facts. Isn't it different just to review the transcripts that were created by the state court? To what end? To see if the state court got it right. It's exactly correct. Unless that issue is raised in the district court, 2254E governs, and the Nevada Supreme Court made findings of fact here. Let me cut this. Let me maybe answer your question this way, and I'm not sure how appropriate this is, because the district court didn't have it. You have in the EOR and the SEOR in front of you the transcript of the evidentiary hearing on post-conviction. And at that hearing, the two trial attorneys were the only people who testified. I would point out that because it was the trial attorneys who were the only two that testified at the evidentiary hearing, all the other claims have to die for lack of factual development, because there were only two witnesses who testified, and they were asked about their trial strategy. You've got that in front of you. That is what the Nevada Supreme Court cited to when it made its findings of fact. Now, if it assages your concerns about the continued validity of Jones post-EDPA and post-Cullen, you can review that, and you will see. Now, the district court didn't, but you could do that. You could review that, because we gave it to you. And you're going to see that the Nevada Supreme Court was 100 percent correct. But the problem is the district court didn't do that, because he didn't have to do that. The question here is, was what the district court did incorrect? And the answer is no, because if you frame the question according to the mandate of the standard, because 2254E tells the district court judge, you are now required to follow the fact-finding of the Nevada Supreme Court. And because there was no challenge ever made to that, that standard governs, and that's why I didn't place those transcripts before the district court, because they're legally irrelevant in light of the Nevada Supreme Court's fact-finding. And I can't honestly tell you if it would be improper, but in this case, it didn't play any role because the challenge wasn't made. I see my time is up. Thank you very much. Thank you. Thank you, Your Honors.  If I could just add one thing, Your Honors, just briefly. There is a huge difference, I believe, between fact-finding and reviewing the findings for unreasonableness. If a court cannot – I mean, what would be the purpose of a de novo review, number one? Number two, what would be the purpose of a Federal habeas statute if there could be no review of the State court's factual findings to find whether they were reasonable or not? A deputant did not do away with a review, with a reasonableness review. Second thing is that the State has a double standard with regards to issues of procedural default because 2254 Rule 5b requires the State in its answer to – in its first answer to address exhaustion and procedural default issues, to allege those, and the State did not in its first motion to dismiss. There was not any allegations of exhaustion or procedural default until it came back for a second bite at the apple. And my last point is that – and I wish I had the case here with me, but I did look up Jones v. Wood, and it is still good law. Thank you very much. And I would ask that you just send it back for review of the factual record. Thank you, counsel. The case just argued will be submitted.
judges: Reinhardt, Owens, Mendoza